No. 59,715

DEBRA STREMSKI, *Appellant,* v. CLARK V. OWENS, II, J. H. REEVES, BOBBY WILEY, JOHN DOE, believed to be CAPTAIN PHIPPS, THE CITY OF WICHITA, and RICHARD ROE, an unknown person. *Appellees.*

(734 P.2d 1152)

Opinion filed March 27, 1987.

*Fred A. Beaty,* of Wichita, argued the cause and was on the brief for appellant.

*S. A. Issinghoff,* first assistant city attorney, argued the cause and was on the brief for appellees Stan Phipps and Bobby Wiley.

*H. E. Jones,* of Hershberger, Patterson, Jones & Roth, of Wichita, argued the cause and was on the brief for appellee City of Wichita.

The opinion of the court was delivered by

MCFARLAND, J.: This is an action by Debra Stremski against the City of Wichita and two police officers, Bobby Wiley and Stan Phipps, arising from the placement of plaintiff's daughter, Toni Stremski, into custody. Plaintiff seeks monetary damages against said defendants under authority of the Kansas Tort Claims Act (K.S.A. 75-6101 *et seq.*) and the federal Civil Rights Act (42 U.S.C. § 1983 [1982]). The district court entered summary judgment in favor of these defendants and plaintiff appeals therefrom. It should be noted that defendants Clark V. Owens, II, and J. H. Reeves were dismissed from the action and no appeal has been taken from these dismissals.

Inasmuch as this action concerns what the police officers did

in respect to Toni Stremski and the basis for their actions, the facts will be summarized from that perspective. Further, the facts stated will be those that are uncontroverted or, where appropriate, the plaintiff's contentions inasmuch as we are reviewing the propriety of a summary judgment.

On July 8, 1985, Janice Harmon (mother of plaintiff and grandmother of ten-year-old Toni) went to the Wichita Police Department. Mrs. Harmon advised Officer M. L. O'Brien that plaintiff had an alcohol problem and, when intoxicated, would abuse Toni. Mrs. Harmon further stated that she was Toni's grandmother and that Toni was living with her. Toni had accompanied Mrs. Harmon to the police station, heard Mrs. Harmon's statements to the officer, did not controvert any of the statements, and "seemed content to be with her grandmother." A report was made by Officer O'Brien of what Mrs. Harmon had stated.

During the early evening hours of July 12, 1985, a call was received by Captain Stan Phipps, then serving as watch commander, from Mrs. Harmon. Phipps was told by Mrs. Harmon that she had taken custody of her granddaughter Toni in Oklahoma and that the child was residing with her in Wichita. She further advised that she was attempting to have her daughter (plaintiff) committed for alcohol abuse. Mrs. Harmon was concerned about what she should do if plaintiff attempted to retrieve Toni from Mrs. Harmon's care. Captain Phipps asked if Mrs. Harmon had any papers granting her legal custody of Toni. Mrs. Harmon replied she had no such papers and Captain Phipps advised her she could not withhold Toni from plaintiff. Mrs. Harmon then advised Captain Phipps that plaintiff had abused the child and that Toni was "terrified" of her mother. Captain Phipps advised Mrs. Harmon that if plaintiff attempted to take Toni, the police department would intervene and take physical custody of Toni. Mrs. Harmon agreed with this procedure.

Approximately one hour later, Mrs. Harmon called Captain Phipps again and reported plaintiff was on her way to the Harmon home to get Toni. Captain Phipps dispatched Officer Bobby Wiley to pick up Toni. The child was not present when Officer Wiley arrived, as she had gone for some ice cream. Captain Phipps talked to Mrs. Harmon on the telephone and

they agreed that Mrs. Harmon should bring Toni to the police department when the child returned. This was done and the child was taken into custody and immediately transported to the Wichita Children's Home, a facility designated as a shelter facility by the Kansas Department of Social and Rehabilitation Services (SRS) as provided by K.S.A. 38-1528.

Sometime during the evening of July 12, 1985, prior to Toni being taken into custody, Officer Wiley contacted plaintiff and was told by her that Mrs. Harmon had kidnapped Toni from plaintiff in Oklahoma and was concealing her from the plaintiff.

The first issue is whether or not the police department had probable cause to take Toni into custody.

K.S.A. 38-1527(b) provides:

"A law enforcement officer may take a child under 18 years of age into custody when the officer has probable cause to believe that the child is a child in need of care and that there are reasonable grounds to believe that the circumstances or condition of the child is such that continuing in the place or residence in which the child has been found or in the care and custody of the person who has care or custody of the child would present a danger to the child."

K.S.A. 38-1502(a) defines a child in need of care, in pertinent part, as follows:

" 'Child in need of care' means a person less than 18 years of age who:

(1) Is without adequate parental care, control or subsistence and the condition is not due solely to the lack of financial means of the child's parents or other custodian;

(2) is without the care or control necessary for the child's physical, mental or emotional health;

(3) has been physically, mentally or emotionally abused or neglected or sexually abused."

We conclude, without reservation, that probable cause existed under the statute to take the child into custody. The child was with her grandmother who stated the child's mother (complainant's daughter) had an alcohol problem, physically abused the child (with the child being terrified of mother as a result), and that the child's mother was on her way to reclaim the child. The child's mother (plaintiff) told the officer her mother (the child's grandmother) had kidnapped the child from her custody in Oklahoma and was refusing to return the child. Thus, a confrontation was imminent during the evening hours of July 12, with the child caught in the middle. The grandmother's statements

would support a belief by the officer that the child could be in danger if she were in the mother's control. The allegation by the mother that the grandmother had kidnapped the child and was concealing her from the lawful custodian (the mother) could certainly lead the officer to have concern about leaving the child with the grandmother. Hence, probable cause existed to believe Toni was a child in need of care. The officer's action was reasonable—take the child into custody until the proper authorities could investigate and the matter be sorted out. The child would thus be protected and her whereabouts secured until a legal determination could be made.

Under the uncontroverted facts herein, there was no tort committed by the defendants in taking Toni into custody, so we need not concern ourselves with whether or not defendants have immunity under the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq*. This Act does not come into play in the absence of tortious conduct.

For her second issue, plaintiff contends the failure of the police department to notify SRS of Mrs. Harmon's July 8 report to Officer O'Brien is actionable.

K.S.A. 38-1522 requires certain categories of individuals who have "reason to suspect that a child has been injured as a result of physical, mental or emotional abuse or neglect or sexual abuse" to report the matter promptly to SRS. The categories include educators, health care providers, fire fighters, and law enforcement officers. The statute speaks repeatedly of injuries, an injured child, establishing who injured the child, etc. The much broader term "child in need of care" is not used in this statute. The statute makes it a crime for any person in one of the categories to fail to report on the injured child to SRS.

On July 8, 1985, Toni was present in Officer O'Brien's office when Mrs. Harmon expressed her concern. No one contended Toni was suffering from any injuries at the time. Mrs. Harmon's concerns on the welfare of Toni were prospective in nature based upon plaintiff's past conduct. What was presented to O'Brien was a domestic dispute between a mother and daughter concerning the daughter's treatment of a granddaughter and did not escalate until July 12. These situations are frequently the result of family quarrels and often resolve themselves. Police

officers have considerable discretion in handling such matters. Plaintiff's allegation that if SRS had been notified on July 8 its investigation would have resolved the controversy prior to the July 12 emergency situation is pure speculation. Further, there is no evidence that Toni was an injured child on July 8 within the mandatory reporting requirements of K.S.A. 38-1522. Additionally, this statute is for the protection of an injured child rather than a person who is suspected of injuring the child.

We conclude this issue is without merit.

For her third issue, plaintiff contends the district court erred in entering summary judgment on her 42 U.S.C. § 1983 cause of action.

It is not disputed that a parent has a liberty interest under the Fourteenth Amendment Due Process Clause in the custody and control of his or her child, but this does not translate to an absolute right to custody. Never is it disputed that states have a legitimate interest under the doctrine of parens patriae in the protection and welfare of children.

There are two essential elements to a civil rights claim under 42 U.S.C. § 1983: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution and laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981).

Plaintiff does not challenge the constitutionality of K.S.A. 38-1527(b) which permits a law enforcement officer to take a child into custody where the officer has probable cause to believe the child is a "child in need of care" as that term is defined in K.S.A. 38-1502(a). We have previously concluded that probable cause existed under the statute to take the child into custody. That determination defeats plaintiff's claim under 42 U.S.C. § 1983. We conclude that the district court did not err in entering summary judgment on plaintiff's claim under 42 U.S.C. § 1983.

Other issues raised are considered and held to be either without merit or rendered moot by the conclusions reached herein.

The judgment is affirmed.